# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

CARLOS PETERSON,

                              Plaintiff,

     v.                                               5:13-CV-2 (GLS/ATB)

THE COUNTY OF ONONDAGA,

                              Defendant.

CARLOS PETERSON, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Carlos Peterson. (Dkt. Nos. 1, 3). Plaintiff, who is currently incarcerated at the Clinton Correctional Facility, has not paid the filing fee for this action.

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In the complaint, plaintiff states that he is challenging "fraud imprisonment"

and "fake child abuse." (Complaint ("Compl.") ¶ 7; Causes of Action). Plaintiff states that he was "wrongfully convicted," that he was the victim, and that "the truth . . . relies on all evidence for my defense . . . ." (Compl. at CM/ECF p.4).[1] Plaintiff states that the "County" charged him with child abuse, and he lost his job because of the "damage done to my name." (*Id.*) Plaintiff states that the County then just "dropped the charges." However, plaintiff also states that he is "still waiting to be overturned in the false conviction criminal case," but in the meantime he is bringing the "Truth" to the court's attention. (*Id.*) Plaintiff then states that he is demanding three million dollars and fifteen cents.

Attached as an exhibit to plaintiff's complaint is a form, signed by an assistant district attorney which indicates that misdemeanor charges of endangering the welfare of a child were dismissed because plaintiff was serving a ten year term on unrelated charges. (Compl. at CM/ECF p.5). Finally, plaintiff has attached two other documents to the complaint. The first is a type-written statement of facts,[2] including references to medical records and other court documents. (Compl. CM/ECF p.6). The second document is clearly a page from another Northern District of New York complaint,

---

[1] Plaintiff has attached a handwritten sheet and some random documents to his complaint. Plaintiff has not numbered these pages, and they do not contain specific paragraph numbers to which this court can cite. Thus, the court is citing to the page numbers assigned by the court's electronic filing system ("CM/ECF").

[2] The typewritten statement of facts is assigned paragraph number "5", indicating that this is part of another document.

filed by this plaintiff in 2009.[3] (Compl. CM/ECF p.7). This page lists six police officers as defendants, and states that they "Committed Physical Brutality in Violation of Corrections Law 70.51.5." (*Id.*)

Plaintiff states that his causes of action are "fraud imprisonment" and "fake child abuse," and although the court interpreted his complaint as naming only Onondaga County as a defendant, the caption of the complaint lists "The County of Onondaga Syracuse N.Y. Defendant(s)." (Compl. at CM/ECF p.1).

Although it is unclear, plaintiff does not appear to be challenging the alleged excessive force used during his arrest. In fact, plaintiff has another pending case in the Northern District of New York in which he challenges the force used by the officers as excessive. *Peterson v. Syracuse Police Dep't*, No. 1:09-CV-00106 (LEK/RFT). Plaintiff also does not appear to be challenging the charge for which he is currently incarcerated. He states that he is "still waiting to be overturned [sic] in the false conviction criminal case."[4] (Compl. at CM/ECF p. 4).

---

[3] It is clear that the last page of plaintiff's complaint is the second page of the complaint filed by plaintiff against individual police officers in 2009 because there are two CM/ECF lines at the top of the page, one for this action and one for "Case 1:09-CV-00106- LEK-RFT Document 1 Filed 01/29/09 Page 2 of 7." (Compl. at CM/ECF p.7). In January of 2009, plaintiff filed *Peterson v. Syracuse Police Dep't*, No. 1:09-CV-00106.

[4] A section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If plaintiff were trying to challenge the conviction for which he is currently incarcerated, he would have to bring an action for habeas corpus, and the constitutional challenges therein would have to have been exhausted in New York State courts. 28 U.S.C. § 2254(b)(1). He states that he is still trying to get that conviction "overturned," thus, he admits that he has not exhausted his state court remedies with respect to the conviction for which he is currently incarcerated.

4

Reading plaintiff's complaint as liberally as possible,[5] plaintiff appears to be claiming that the "child abuse" charges that were dismissed by the "County" were false or "fake," and he may be attempting to allege false arrest and/or malicious prosecution relating to those charges.

### A. Municipal Liability

Plaintiff names Onondaga County as the only defendant in this action. He also claims that the "County" dismissed the charges against him and submits an order of dismissal signed by an assistant district attorney.

#### 1. Legal Standard

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights, and it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). The plaintiff must allege facts demonstrating

> (1) the existence of an officially adopted policy, custom, or practice and (2) a direct and deliberate causal connection between that 'policy, custom, or practice' and the violation of plaintiff's federally protected rights.

---

[5] A pro se plaintiff's complaint must be read liberally and must be interpreted to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

5

*Best v. City of New York*, No. 11 Civ. 4475, 2012 WL 5458054, at *3 (S.D.N.Y. Nov. 2, 2012) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-404 (1997)). A single incident involving an employee below the policy making level will generally not suffice to support the inference of a municipal policy. *Id.* (citing *Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 678 (S.D.N.Y. 2005).

### 2. Application

There is absolutely no specific allegation by plaintiff, nor does any liberal reading of the complaint show, that a "policy or custom" of Onondaga County caused plaintiff any constitutional violation. Plaintiff states only the County "just dropped" the child neglect charges that he was "willing to take to trial." (Compl. at CM/ECF p.4). These facts do not come close to stating a claim against Onondaga County. There are no allegations of wrong doing and no allegations of any policy or custom. Thus, the case must be dismissed as against the only defendant. Even if plaintiff had named an appropriate defendant, this court would still recommend dismissal of this action.

### B. Malicious Prosecution

### 1. Legal Standard

To state a claim under section 1983 for malicious prosecution, the plaintiff must establish the elements of a malicious prosecution claim under New York State law. *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010). To state a malicious prosecution claim under New York law, the plaintiff must allege that the defendant initiated or continued a criminal proceeding against him, without probable

cause, out of malice, and that the criminal proceeding terminated in the plaintiff's favor. *Swartz v. Insogna*, No. 11-2846, __ F.3d __, 2013 WL 28364, at *5 (2d Cir. Jan. 3, 2013); *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). In *Swartz*, the Second Circuit stated that to be actionable under section 1983, there must also be a "post-arraignment seizure." *Id.* (citation omitted).

A "favorable termination" in accordance with state law is essential for purposes of a malicious prosecution claim. *Russell v. Smith*, 68 F.2d 33, 36 (2d Cir. 1995) (citing *inter alia Hollender v. Trump Village Cooperative, Inc.*, 58 N.Y.2d 420 (1983)). The termination of the proceedings must be "indicative of innocence." *Id.* (citing *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980)).

In this case, plaintiff has submitted the order of dismissal, signed in October 2008 by an Assistant District Attorney of Onondaga County. (Compl. at CM/ECF p.5). In the complaint, plaintiff alleges that the County "just dropped the charges . . . simply because I didn't do know [sic] wrong in none [sic] of the matters." (Compl. at CM/ECF p.4). Although the order is difficult to read, it is clear that the only reason that the child neglect charge[6] was dismissed was because plaintiff was "serving a 10 year prison sentence on unrelated charges," not because plaintiff was innocent of the charges. (*Id.*) Plaintiff cannot establish favorable termination of the proceeding for purposes of malicious prosecution. Thus, the complaint would be subject to dismissal

---

[6] Plaintiff refers to this charge as "fake child abuse." However, the district attorney's order states that the charge was pursuant to N.Y. Penal Law § 260.10. (Compl. at CM/ECF p.4). This section is entitled "Endangering the Welfare of a Child, and is listed as a Class A misdemeanor. The plaintiff's alleged conduct regarding a child is completely unclear from the papers, and the court is simply clarifying the nature of the charge alleged as "fake" by plaintiff.

7

for failure to state a claim of malicious prosecution[7] even if plaintiff had named a proper defendant or proper defendants.[8]

### C. False Imprisonment/False Arrest

#### 1. Legal Standard

Under New York law, false imprisonment and false arrest are synonymous. *Del Col v. Rice*, No. 11-CV-5138, 2012 WL 6589839, at *10 n.13 (E.D.N.Y. Dec. 18, 2012) (citing *Hickey v. City of New York*, No. 01-CV-6506, 2004 WL 2724079, at *6 (E.D.N.Y. Nov. 29, 2004), *aff'd* 173 F. App'x 893 (2d Cir. 2006)). In order to state a claim for false imprisonment, plaintiff must allege that the defendant intended to confine the plaintiff; plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged. *Id.* (quoting *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003)).

#### 2. Application

In this case, plaintiff states that he was arrested and charged with "many

---

[7] There are absolutely no facts stated that relate to a "fraud imprisonment" or false imprisonment claim.

[8] Although it is not necessary to analyze this issue, the court notes that there may be a serious statute of limitations issue in this case. The statute of limitations in a section 1983 case is three years after the date that the cause of action accrued. *Owens v. Okure*, 488 U.S. 235, 237 (1989); *Smith v. Campbell*, No. 11-CV-540A, 2012 WL 4721451, at *3 (W.D.N.Y. Oct. 3, 2012) (citations omitted). Under federal law, a cause of action accrues when the plaintiff knew or had reason to know of the injury serving as the basis for his claim. *Smith*, *supra*. At the latest, plaintiff had reason to know of the potential malicious prosecution claim when the District Attorney recommended dismissal of the charge in October of 2008. (Compl. at CM/ECF p.5). Plaintiff signed his complaint on December 12, 2012, well over three years after the cause of action accrued. Because this court is not basing its recommendation of dismissal on the statute of limitations, it is unnecessary to consider whether the statute was equitably tolled for any reason. The court is merely pointing out that there could have been a statute of limitations issue if the case had gone forward.

8

charges." (Compl. CM/ECF p.4). It is unclear whether he was "arrested" for the allegedly "fake child abuse" charges at the same time that he was arrested for the charges for which he is currently incarcerated. In any event, as stated above, the neglect charges were dismissed only because plaintiff was serving a ten year sentence on other charges. Thus, in addition to naming the incorrect defendant, he cannot show that the confinement "was not otherwise privileged." Any claims of false arrest or false imprisonment may be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP status (Dkt. No. 3) is **GRANTED** only for purposes of filing this action, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** for **FAILURE TO STATE A CLAIM** pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 7, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge